603 P.2d 298

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Alan Charles COZZENS,
Defendant-Appellant.**

No. 3974.

Court of Appeals of New Mexico.

Sept. 25, 1979.

**560**

Jeff Bingaman, Atty. Gen., Lawrence A. Barela, Asst. Atty. Gen., Santa Fe, for appellee.

Dan B. Buzzard, Clovis, for appellant.

## OPINION

HERNANDEZ, Judge.

Defendant appeals his jury conviction of possession of over eight ounces of marijuana contrary to Section 30–31–23(B)(3), N.M. S.A.1978. He alleges four points of error. His fourth point, which is dispositive of this appeal, is that the trial court erred in admitting statements made by defendant's wife over defendant's objection that they were privileged and hearsay.

The pertinent facts are these: On September 15, 1978, several police officers, including Officers Walker and Brown of the Portales Police Department, went to defendant's home to execute a search warrant. No one was at home when the officers first arrived but a few minutes later defendant's wife arrived and identified herself. Officer Walker testified that he asked defendant's wife who lived there and she stated that she and her family lived there. Officer David Brown, who knew defendant's wife, testified that shortly after she arrived she said to him: "David, I told him not to grow it. I told him that he would get in trouble."

Rule 801, N.M.R. of Evid. recites: " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

The state argues that as to the testimony of Walker it was not prejudicial. This argument is specious. This is the only evidence linking the defendant with the premises where the marijuana was seized at the time the warrant was executed. There was evidence that the defendant and his wife conveyed the premises several months after the warrant was executed. This witness testified that they were unable to discover a deed conveying the premises to the defendant and his wife.

As to the testimony of Brown, the trial court ruled that it was "permissible as part of the *res gestae.*" Rule 803(2), N.M.R. of Evid. provides:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

\* \* \* \* \* \*

(2) A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

*Clinard v. Southern Pacific Company,* 82 N.M. 55, 475 P.2d 321 (1970):

"The difficulty of res gestae is always the same: its application to a particular situation * * * the particular facts of each case must control rather than rigid rules of exclusion which may keep out the truth.

\* \* \* \* \* \*

'Spontaneity', stated to be the most influential factor in determining admissibility under the doctrine of res gestae, is a product of stress. [Citation omitted.] Absent stress we question its 'spontaneity'."

█ *Stahl v. Cooper*, 117 Colo. 468, 190 P.2d 891 (1948) states:

"[A] statement, if part of the res gestae, must be in the nature of an exclamation, rather than an explanation; it must be spontaneous and instinctive rather than deliberate."

That is, if the tension resulting from the incident did not provoke the statement; but rather, it was the result of deliberation then it is not admissible as part of the *res gestae.* See *State v. Godwin*, 51 N.M. 65, 178 P.2d 584 (1947).

█ It is apparent from the statement that defendant's wife had been very concerned about what he was doing. Her comment can best be described as a narrative of a past occurrence rather than spontaneous exclamation produced by the stress of the moment. It is our opinion that the trial court erred in allowing the officers to testify about these statements, they were inadmissible as hearsay.

It is unnecessary to consider whether these statements were privileged.

We reverse and remand with instructions to grant the defendant a new trial.

IT IS SO ORDERED.

WOOD, C. J., and LOPEZ, J., concur.